ERIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JIMMY ANTHONY COX, SR., <br> # 097909440, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | No. 3:25-cv-00838 |
| v. | ) <br> ) <br> ) | JUDGE RICHARDSON |
| f/n/u ARNOLD, *Major, in their individual* <br> *and official capacity*, *et al*., | ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Jimmy Anthony Cox, Sr., a pretrial detainee in the custody of the Robertson County Detention Center in Springfield, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2), Motion to Appoint Counsel (Doc. No. 5), Motion for Immediate Transfer (Doc. No. 11), Motion for Immediate Medical (Doc. No. 12), and Motion for Extension (Doc. No. 16).

Plaintiff previously informed the Court that he had been unable to obtain the required certified inmate account statement in support of his IFP Application. (Doc. No. 2 at 6). The Court instructed Plaintiff:

> If jail officials refuse to comply with Plaintiff's request for the certified statement, Plaintiff must provide written documentation to the Court of the dates he requested the statement, to whom he requested the statement, and the response(s) of the person(s) to whom Plaintiff requested the statement.

(Doc. No. 10 at 2).

Plaintiff has now complied with the Court's instructions to provide written documentation of the dates on which he requested the statement, to whom he requested the statement, and the

responses of the persons to whom Plaintiff requested the statement. (*See* Doc. No. 13). Plaintiff also alleges that he has filed grievances regarding this matter, but none have been addressed. (*Id.*) Under these specific circumstances,[1] the Court finds that Plaintiff has made a good faith effort to obtain the required statement. He should not be prevented from pursuing this lawsuit as a pauper simply because jail officials refuse to provide the statutorily-required certified statement. Neither should his case be delayed for months due to jail officials' unwillingness to provide the statement. Thus, the Court will proceed with a review of Plaintiff's IFP Application as submitted.

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Given Plaintiff's representations under penalty of perjury (*see* Doc. No. 2 at 2), the Court finds that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.[2]

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

---

[1] *See Laron V. Cole v. Judge D. Gay*, No. 3:24-cv-1178 (granting pauper status to the prisoner-plaintiff even without a certified statement after he provided documentation of his multiple unsuccessful attempts to obtain a certified statement); *Miles v. Dickson Cnty. Sheriff's Office*, No. 3:23-cv-00259, 2023 WL 3168585, at *1 (M.D. Tenn. Apr. 28, 2023) (granting IFP Application when plaintiff documented multiple unsuccessful attempts to obtain trust fund account statement from jail officials).

[2] If at any time during this litigation the Court determines that Plaintiff provided inaccurate information on his IFP Application, the Court may rescind his pauper status and require the outstanding balance of the filing fee to be paid in one payment immediately.

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at Roberton County State Holding to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

Next, Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 5). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.,* 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that his financial circumstances prevent him from being able to hire an attorney. (Doc. No. 5 at 1). This is typical for most pro se plaintiffs. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, his Motion to Appoint Counsel (Doc. No. 5) is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel later, if appropriate.

Next, Plaintiff has filed a Motion for Immediate Transfer. (Doc. No. 11). Plaintiff alleges that he was assaulted on on May 27, 2025 by jail "staff members." (*Id*. at 1). He asks to be transferred immediately to Riverbend Maximum Security Institutional "for safekeeping." (*Id*.)

This Court lacks the authority to grant Plaintiff his requested transfer. Prisoners have no right to be incarcerated in a specific institution. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986); *Montanye v. Haymes*, 427 U.S. 235 (1976) (prisoners lack any liberty interest protected by the Due Process Clause to placement in a particular institution). Plaintiff's motion (Doc. No. 11) is **DENIED**.

Plaintiff also filed a "Motion for Immediate Medical" Treatment. (Doc. No. 12). In the motion, Plaintiff states that after the alleged May 2025 assault, he has experienced "major brakes [sic] and pains", and he is "in need of major surgery and proper medical" treatment. (*Id.* at 1). If Plaintiff wishes for the Court to consider a request for emergency medical treatment, Plaintiff must file a Motion for Temporary Restraining Order.[3] Plaintiff's instant motion does not comply with the rules for seeking a temporary restraining order and thus cannot be considered as such. Plaintiff's motion (Doc. No. 12) is **DENIED WITHOUT PREJUDICE**.

Finally, Plaintiff filed a Motion for Extension (Doc. No. 16). The motion does not make clear why Plaintiff needs an extension. However, considering Plaintiff's other filings, the Court construes this motion as seeking the opportunity to amend his complaint prior to the Court's required screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"). The Court **GRANTS** this motion (Doc. No. 16) as follows: Plaintiff shall have a period of 30 days from the date of entry of this Memorandum Opinion and Order to submit an amended complaint, if he so desires, to raise allegations pertaining to the circumstances he describes in his recently filed motions.

After the conclusion of that 30-day period, the Court will conduct the required screening of Plaintiff's complaint (or amended complaint, if filed) as required by PLRA, at which time the Court will consider whether any portion of Plaintiff's complaint fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from

---

[3] Alternatively, if emergency medical care is no longer needed, Plaintiff may seek permission to amend his complaint to assert a claim or claims based on the lack of medical treatment for his injuries.

such relief. Plaintiff's allegations will be assumed true for purposes of the required PLRA screening.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE